Dear Representative Henderson:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion regarding the interpretation of Act 737 of the 2006 Regular Session of the Louisiana Legislature.
Act 737 of the 2006 Regular Session enacted La. R.S. 33:4882, which provides:
 A. Notwithstanding any provision of law or municipal or parish ordinance or resolution to the contrary, the governing authority of any municipality or parish and any agency of any such municipality or parish shall not allow and shall not cause any building or land to lose its nonconforming use status because, during all or part of the period of August 29, 2005, through August 28, 2007, as a result of damage caused by Hurricane Katrina or Hurricane Rita, it is temporarily vacant or operations normally carried on in such building or on such land have been temporarily discontinued.
 B. Notwithstanding the provisions of Subsection A of this Section, the governing authority of any parish having a population in excess of four hundred thousand, based on the latest federal decennial census, may by ordinance reduce the time period of August 29, 2005, through August 28, 2007, provided in Subsection A of this Section.
According to your request, this new statute will affect one of your local ordinances, which provides:
 Whenever a building or land used in whole or in part for a nonconforming purpose becomes and remains vacant for a continuous period of six (6) months, or when the operations *Page 2 
normally carried on in such a building or on such land have been discontinued for a period of six (6) months, such nonconforming use shall not thereafter be reestablished and any future use shall be in conformity with the provisions of this chapter.
Therefore, you seek clarification regarding whether La. R.S. 33:4882
extends the six month period in your local ordinance to a two year period from August 29, 2005, through August 28, 2007, thereby requiring businesses to be back in operation by August 28, 2007, or whether La. R.S. 33:4882 suspends the period from August 29, 2005, through August 28, 2007, thereby allowing the six month period in your local ordinance to begin August 29, 2007, and requiring businesses to be back in operation by February 28, 2008 or lose their nonconforming use status.
The following rules of statutory interpretation and construction are applicable to the issue presented.
LSA-C.C. Art. 9. Clear and unambiguous law
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
LSA-C.C. Art. 10. Language susceptible of different meanings
When the language of the law is susceptible of different meanings, it must be interpreted as having a meaning that best conforms to the purpose of the law.
LSA-C.C. Art. 12. Ambiguous words
When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.
La. R.S. 1:3. Words and phrases; how construed
Words and phrases shall be read with their context and according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
The word "shall" is mandatory and the word "may" is permissive. *Page 3 
Guided by these rules of statutory interpretation and construction, we find that La. R.S. 33:4882(A) is clear and unambiguous and should be applied as written with no further interpretation.[1] The purpose and effect of La. R.S. 33:4882(A) was to provide a two-year period (from August 29, 2005, through August 28, 2007) during which businesses could not lose their nonconforming use status, thereby requiring they be back in operation by August 28, 2007. This interpretation is confirmed in several ways.
First, a letter supplied to our office from the bill's sponsor, Representative Kenneth L. Odinet, states:
 As delineated in Act 737, our intent was to allow businesses damaged by Hurricane Katrina or Hurricane Rita two years from the date of the disaster to rebuild and conform to the local nonconforming use ordinance. Therefore, businesses damaged by Hurricane Katrina would be required to be back in operation by August 28, 2007.
Our research of the legislative history of Act 737 affirmed the intent set forth in Representative Odinet's letter in the following ways. First, the Digest to Act 737 references "a specified time period" of two years during which the nonconforming use status cannot be lost. Second, the Minutes of the House Committee on Municipal, Parochial and Cultural Affairs reflect that Rep. Odinet told the committee "this legislation would permit an extension of time for repairs so the buildings can be brought back into use as nonconforming" and, more importantly, that the "amendment would give owners until August 28, 2007, an extra year, to do so."
Accordingly, it is the opinion of this office that the intent of Act737 of the 2006 Regular Session was to allow businesses damaged by Hurricanes Katrina and/or Rita a two year period from August 29, 2005, through August 28, 2007, to make repairs without losing their nonconforming use status, thereby requiring businesses to be back in operation by August 28, 2007.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us. *Page 4 
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 By: _____________________
 Lindsey K. Hunter
 Assistant Attorney General
 JDC/LKH/crt
 cc: Ray Lauga, St. Bernard Parish Councilman, District A
[1] La. R.S. 33:4882(B) does not apply because the population of Arabi, Louisiana does not exceed four hundred thousand. Therefore, La. R.S. 33:4882(A) must be applied as written.